(43 App. Div. 211.)

### McALLESTER et al. v. POTTER-BRITTON.

(Supreme Court, Appellate Division, Third Department.   September 6, 1899.)

1. WITNESSES—COMPETENCY.

Where evidence is being offered as to the reputation of a witness for truth and veracity, a witness who testifies that he has known such witness for 30 years, and that he has not heard anything bad about him, or any more talk about him than any other man, is competent to answer the question as to whether he would believe such witness under oath, from what he has heard people say about him.

2. APPEAL—ERROR WARRANTING REVERSAL.

In an action where the question at issue turns on the reputation of defendant and a witness in his behalf for truth and veracity, error in refusing to allow a competent witness, after sufficient foundation laid, to testify as to whether he would believe such witness under oath, from what he has heard people say about him, is sufficient to warrant a reversal of judgment.

Appeal from judgment on report of referee.

Action by J. E. McAllester & Sons against Emeline Potter-Britton on an account.   There was a judgment by a referee in favor of plaintiffs, and defendant appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Joseph George, for appellant.
John F. Cook, for respondents.

HERRICK, J.   The vital question in this case is as to whether the defendant paid the plaintiffs, and settled the account between them, on or about the 12th day of January, 1897.   The referee finds explicitly that she did not.   I have serious doubts as to the correctness of his conclusion in that respect.   The defendant says she paid them in full, and took a receipt therefor, which she has lost.   She is corroborated in that statement by a number of witnesses, who swore that they saw the receipt on the same day the defendant swears that it was given to her, or shortly thereafter, and by at least one witness, named Orford, who swears that he saw the money paid and the receipt given.   Witnesses were sworn upon the part of the plaintiffs to show that the reputation of the defendant and of the witness Orford was bad, and that neither was to be believed under oath.   The defendant offered evidence as to the good character of herself and of the witness Orford.   Among others was a witness named Harris, who swore that he knew both parties to the action; that he had known Orford for 30 years.   He testified:

"I presume he does business in Gouverneur.   I don't know much about his reputation.   Have heard his name mentioned a great many times.   Know nothing in particular about his character.   He has been in my office a great many times, talking when he stopped.   I paid no attention to what was said by people.   I never heard anything bad about him said in my office, that I can remember.   I can't say that I have heard people talk about him, any more than any man.   Q. From what you have heard people say about him in this vicinity, would you believe him under oath?   (Objected to as incompetent and immaterial, and witness incompetent.)"

The objection was sustained. This ruling of the court, I think, was error. The witness had shown himself competent to answer the question asked. Ordinarily, perhaps, this error would not be sufficient to warrant the reversal of a judgment; but in this case it is evident that the question turned upon the reputation of the defendant, and of the witness Orford, for truth and veracity; because, if their story is to be believed, the referee could not have found the finding of fact that he has, and thus it becomes a matter of importance to show that the witness Orford was a reputable man, and worthy of belief. The error in rejecting the evidence offered was not a slight one, but one which might well affect the result of the case. Without, therefore, reviewing the testimony, or giving my impressions as to the facts in this case, which might perhaps have undue weight on a new trial, I think, under the circumstances, for the error referred to the judgment should be reversed, and a new trial granted.

Judgment reversed, referee discharged, and new trial ordered; costs to abide the event. All concur.